UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| VINCENT CORDOVA, SR., | 3:16-cv-00335-MMD-VPC |
|---|---|
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| ABIGAIL BIGGAR, *et al.*, | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants Abigail Biggar ("Biggar"), Ken Codman ("Codman"), and Paul Lorring's ("Lorring") (collectively "defendants") motion to dismiss (ECF No. 15). Vincent Cordova, Sr. ("plaintiff") opposed (ECF No. 20) and defendants replied (ECF No. 21). Having reviewed the arguments set forth, the court recommends that the motion to dismiss be granted.

## I. PROCEDURAL HISTORY

Plaintiff is an inmate currently in the custody of the Nevada Department of Corrections and is housed at Ely State Prison in Ely, Nevada. The events that give rise to this action, however, transpired at St. Mary's Hospital in Reno, Nevada, while plaintiff was in the custody of the Washoe County Sheriff's Department ("WCSD") as a pretrial detainee. Pursuant to 42 U.S.C. § 1983, plaintiff brings a civil rights claim against WCSD, Biggar, Codman, and Lorring.

Plaintiff's complaint contains two counts of excessive force in violation of the 14th Amendment against Biggar (Count I), Codman, (Count II), and Lorring (Count II). (ECF No. 8.) Both counts relate to plaintiff's attempted escape from St. Mary's Hospital on October 20, 2013, where plaintiff alleges the defendants used excessive force to re-apprehend him. (*Id.*)

On February 10, 2017, the District Court entered a screening order pursuant to 28 U.S.C. § 1915, allowing plaintiff to proceed with his excessive force claims against Biggar, Codman, and Lorring and dismissing his claim without prejudice against WCSD. (ECF No. 7 at 4-6.) On March 28, 2017, defendants filed a motion to dismiss this action. (ECF No. 15.) This report and recommendation follows.

## II. LEGAL STANDARDS

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6). The ruling is a question of law. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). The court is to grant dismissal when the complaint fails to "state a claim for relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or fails to articulate a cognizable legal theory, *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). When analyzing a motion under Rule 12(b)(6), courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While detailed factual allegations are not necessary, the complaint must offer more than "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and include sufficient facts "to give fair notice and to enable the opposing party to defend itself effectively," *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In conducting the dismissal analysis, the complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Sys./Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Moreover, the court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

## III. DISCUSSION

Defendants move for dismissal of the complaint on the basis that plaintiff's 14th Amendment claim is barred by the two-year statute of limitations applicable to claims brought under 42 U.S.C. § 1983. (*See* ECF No. 15.)

Since 42 U.S.C. § 1983 contains no statute of limitations, federal courts apply the forum state's statute of limitations for personal injury claims to determine whether a complaint is timely filed. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000). Therefore, in Nevada, the statute of limitations for section 1983 actions is two years. *See* Nev. Rev. Stat. § 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989), *cert. denied*, 493 U.S. 860 (1989). Under the applicable statute of limitations, plaintiff had two years from the time of the alleged injury to commence the instant suit. *Id.* An action is deemed to be commenced when the complaint is filed. *Id.*

Plaintiff alleges, and defendants agree, that his alleged incident occurred on October 20, 2013. (*See* ECF Nos. 8, 15.) The statute of limitations provided plaintiff until October 20, 2015, to file his claim. Plaintiff filed his complaint on June 16, 2016. (*See* ECF No. 8.) Thus, plaintiff missed the deadline by nearly eight months.

In response to defendants' motion to dismiss, plaintiff fails to address the defendants' argument that his claim is barred by the statute of limitations. (*See* ECF No. 20.) In fact, plaintiff attached the State Court order dismissing his prior action as barred by the two-year statute of limitations. (ECF No. 20 at 7.) Therefore, based on the applicable two-year statute of limitations, plaintiff's alleged injuries are time-barred and defendants' motion to dismiss should be granted. Because the court finds that dismissal is warranted on statute of limitations grounds, the court need not address defendants' *Heck* argument.

## IV. CONCLUSION

Because plaintiff's claims for monetary damages for excessive force under the 14th Amendment should be dismissed, his complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Therefore, the court recommends that defendants' motion to dismiss plaintiff's complaint (ECF No. 15) be granted and the complaint (ECF No. 8) be dismissed in its entirety.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the defendants' motion to dismiss (ECF No. 15) be **GRANTED,** and the complaint (ECF No. 8) be **DISMISSED** in its entirety.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED:** June 5, 2017.

_____
UNITED STATES MAGISTRATE JUDGE