UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VINCENT CORDOVA, SR.,<br>　　　　　　　Plaintiff,<br>v.<br>ABIGAIL BIGGAR, *et al.*,<br>　　　　　　　Defendants. | Case No. 3:16-cv-00335-MMD-VPC<br><br>ORDER |

The Court dismissed Plaintiff's claims and judgment was entered on June 27, 2017. (ECF Nos. 23, 24.) Over a year later, on July 18, 2018, Plaintiff filed a motion for relief from judgment under Rule 60(b)(6) ("Motion"). (ECF No. 25.) Defendants have opposed (ECF No. 26) and Plaintiff has replied (ECF No. 27). For the reasons discussed herein, the Court denies Plaintiff's Motion.

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). Relief under Rule 60(b)(6) must be requested within a reasonable time, "and for reasons (1), (2) and (3) no more than a year after the entry of judgment." Fed. R. Civ. P. 60(c)(1). "This rule does not limit a court's power to . . . (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Nevertheless, relief under Rule 60(b) "is available only under

///

extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

First and foremost, Plaintiff's Motion was filed more than a year after entry of judgment and is not timely under Rule 60(c)(1). Even if the Court were to consider Plaintiff's Motion under the Court's authority to set aside a judgment for fraud on the court under Rule 60(d)(3), Plaintiff has not demonstrated entitlement to such a relief.

The Court had dismissed Plaintiff's claims against the individual defendants based on expiration of the statute of limitations. (ECF Nos. 22, 23.) In particular, the Court found that the two-year statute of limitations expired on October 20, 2015, over eight months before Plaintiff filed this action. (ECF No. 22 at 3.) In his Motion, Plaintiff asserts that he had filed an initial complaint in state court in June 2015 ("2015 Complaint"), which was within the limitations period, but he was forced to voluntarily dismiss that action without prejudice in June 2016 because he failed to comply with the state court's rule requiring service of the 2015 Complaint within 120 days. (ECF No. 25 at 1-2.) He then contends that he "has now newly discovered . . . the fact that the Defendant's motion [to dismiss] was brought under 'fraud' and 'misconduct,' intentionally ignoring the initial filing in 2015." (*Id.* at 2.) Plaintiff does not explain when he discovered Defendants purportedly ignored the 2015 Complaint or how they were aware of that action when, according to Plaintiff, he had to dismiss the action for failure to timely serve process. Defendants respond that they were not aware of the State Court Complaint until their counsel researched the state court filings after reviewing Plaintiff's Motion. (ECF No. 26 at 6.)

The Court agrees with Defendants that Plaintiff has not demonstrated that Defendants committed fraud on the Court as Plaintiff asserts. Accordingly, the Court will deny Plaintiff's Motion.

///

///

///

It is therefore ordered that Plaintiff's motion for relief from judgment (ECF No. 25) is denied.

DATED THIS 27th day of August 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE